IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AARON B. ROBERTS, DOC #359-709,
SID #1340862[1]                                    :

    Plaintiff                                  :

        v.                                     :   CIVIL ACTION NO.  GLR-13-3604

CASE MANAGER WARREN PRUITT[2]       :
CASE MANAGER KEITH BROWN[3]
GREGG L. HERSHBERGER, SECRETARY :
DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONAL SERVICES[4]         :

    Defendants                                 :

**MEMORANDUM OPINION**

Plaintiff, a Maryland Division of Correction ("DOC") prisoner currently housed at Western Correctional Institution in Cumberland ("WCI"), seeks money damages and injunctive relief requiring implementation of policies and procedures to clarify mail services available to indigent prisoners.[5] Plaintiff's claim for relief, filed as a civil rights action pursuant to 42 U.S.C. § 1983, is predicated on a 2011 incident wherein he missed a filing deadline in a state court case. The case is before the Court on Defendants' Motion to Dismiss or, in the Alternative, Motion for

---

[1] Plaintiff asks that the caption of the case reflect both commitment numbers. (ECF No. 16). The request is reasonable and the Clerk shall amend the caption accordingly.

[2] The Clerk shall amend the docket to reflect Defendant Pruitt's correct job title.

[3] The Clerk shall amend the docket to reflect Defendant Brown's correct name. For reasons apparent herein, Brown, a retired DOC employee (see ECF No. 10-6 at 2), who was not served with process, is entitled to dismissal in this case.

[4] The Clerk shall substitute Defendant Gregg L. Hershberger for former Secretary Gary D. Maynard.

[5] Plaintiff filed a "Motion for Leave to File an Amended Complaint." (ECF No. 16). The Motion is more properly construed as a request to substitute the current Secretary of the Department of Public Safety and Correctional Services for his predecessor, as well as provide the correct name for Defendant Brown. It shall be construed accordingly and granted.

Summary Judgment (ECF No. 10) and Plaintiff's opposition thereto.[6] (ECF No. 18). No hearing is needed to resolve the issue raised in the Complaint. See Local Rule 105.6 (D. Md. 2014).

Plaintiff's Allegations

Plaintiff states his constitutional right to access to the courts was violated when the Defendants Brown and Pruitt failed to provide him with copies of legal documents in a timely manner, causing an untimely filing of a pleading in state court resulting in a dismissal of that case. Brown and Pruitt, case managers at Eastern Correctional Institution ("ECI") responsible for prisoner copy work during the time at issue here, are sued in their individual and official capacities. (ECF No. 1 at 3; ECF No. 18 at 3).[7] Plaintiff names the current Secretary of the Department of Public Safety and Correctional Services ("DPSCS") based on his role in "implement[ing] policies and procedures" designed to ensure prisoners are provided prompt copy work when pursuing legal matters. (ECF No. 1 at 3; ECF No. 18 at 3).

Defendants' Response

Defendants contend that Plaintiff's own actions, rather than those of Defendants, resulted in the dismissal of his state court case. They further contend that Defendants are immune from

---

[6] Plaintiff requests appointment of counsel, alleging he is on administrative segregation and has limited access to the prison library. (ECF No. 9). A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. See Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975); Branch v. Cole, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. Id. Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under § 1915(e)(1).

On March 24, 2014, Plaintiff, then confined at Maryland Correctional Institution-Hagerstown ("MCI-H"), submitted correspondence indicating he had not received Defendants' March 13, 2014 dispositive motion, and requesting additional time to respond once the motion was received. (ECF No. 12). Additional time to respond was granted (ECF No. 15) and Plaintiff's Opposition Response (ECF No. 18), which clearly references Defendants' dispositive motion, has been received.

[7] Designation of the record referenced in this Memorandum Opinion corresponds to the Court's electronic docket.

damages, that any violation of state law or regulation is not actionable in this forum,[8] and that the granting of injunctive relief clarifying the process required for copying prisoner legal material is not warranted.

Standard of Review

A.  Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of Plaintiff's Complaint.  See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  The dismissal for failure to state a claim upon which relief may be granted does not require Defendant to establish "beyond doubt" that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-62 (2007).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  Id. at 562.  The Court need not, however, accept unsupported legal allegations, see Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, see Papasan v. Allain, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the Complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to Plaintiff.  See Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir.  2005); Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of

---

[8] Contrary to Defendants' claim (ECF No. 10-1 at 11-12), Plaintiff does not premise his action on due process concerns involving the violation of state procedures, law, or regulation. (ECF No. 18 at 8).

the claim showing that the pleader is entitled to relief." Migdal v. Rowe Price-Fleming Int'l Inc., 248 F.3d 321, 325-26 (4th Cir. 2001); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

Plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted). Nonetheless, the Complaint does not need "detailed factual allegations" to survive a motion to dismiss. Id. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. Thus, a Complaint need only state "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

B. Summary Judgment

Summary judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club,

Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993)).

C. Denial of Access to the Courts

Prisoners have a constitutionally protected right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977). However:

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis v. Casey, 518 U.S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" O'Dell v. Netherland, 112 F. 3d 773, 776 (4th Cir. 1997) (quoting Lewis, 518 U.S. at 355). "The requirement that an inmate alleging a violation of Bounds must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." Lewis, 518 U.S. at 349. Actual injury occurs when a

5

prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. Id. at 352.

In Christopher v. Harbury, 536 U.S. 403, 413-15 (2002), the Court characterized access-to-courts claims as being in one of two categories. The first, termed "forward looking claims," are cases where official action frustrates a plaintiff's ability to bring a suit at the present time. Jennings v. City of Stillwater, 383 F.3d 1199, 1208-09 (10th Cir. 2004). The second category, termed "backward looking claims," arise when a plaintiff alleges that a specific claim "cannot be tried (or tried with all the evidence) [because past official action] caused the loss or inadequate settlement of a meritorious case." Id. at 1209. In this way, the official action is said to have "'rendered hollow [the plaintiff's] right to seek redress'" in the courts. Id. (quoting Christopher, 536 U.S. at 415) (brackets in original) (internal citations omitted).

Whether the claim is forward or backward looking, a prisoner claiming he was denied access to the courts must ultimately prove he suffered an actual injury by showing that the defendant's acts hindered his ability to pursue a non-frivolous legal claim. Conclusory allegations are not sufficient in this regard. See Wardell v. Duncan, 470 F.3d 954, 959 (10th Cir. 2006) (denying access to court claim based on allegation that petition for a writ of certiorari had, for unspecified reasons, been dismissed and where plaintiff did not even mention the point on appeal). The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher, 536 U.S. at 415.

Thus, Plaintiff must establish that his underlying claim was non-frivolous or "arguable." Christopher, 536 U.S. at 415. "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show the 'arguable' nature of the underlying claim is more than

6

hope." Id. at 416 (footnote omitted). In sum, a prisoner's right to access the courts does not include the right to present frivolous claims. Lewis, 518 U.S. at 353 & n. 3.

Analysis

There is no material dispute as to the facts of this case. Plaintiff was housed at ECI until he was transferred to Roxbury Correctional Institution ("RCI") on or around August 10, 2011. (ECF No. 10-2 at 4). While at ECI, Plaintiff filed an Administrative Remedy Procedure ("ARP") No. ARP-ECI-3867-10, alleging that staff failure to conduct security rounds resulted in a delayed response when Plaintiff called for help during an attack by his cell mate. (ECF No. 10-2 at 47; ECF No. 18 at 1). After pursuing the ARP at the institutional level and on review to the Commissioner of Correction, Plaintiff filed an administrative appeal which was received in the Inmate Grievance Office ("IGO") and docketed as IGO No. 20102299. On March 2, 2011, the IGO appeal was administratively dismissed without a hearing or fact-finding, pursuant to Md. Code Ann., Corr. Servs. § 10-207(b)(1). (ECF No. 10-2 at 47).

On three separate occasions during March and April 2011, Plaintiff attempted to appeal the denial of IGO No. 20102299 by including it in an unrelated IGO appeal in a previously-filed Circuit Court matter, Case No. 190C0110914536  (ECF No. 18-1 at 1, 3-5).[9] On June 10, 2011, Circuit Court Judge Daniel M. Long responded to Plaintiff's May 16, 2011 correspondence and instructed Plaintiff to file each IGO appeal as a separate action. (ECF No. 18-1 at 6). That same day, June 10, 2011, Plaintiff filed a list of witnesses and a motion to waive filing fees before the Circuit Court for Somerset County, Maryland, which was opened as Case No. 19-C-11-014840. (ECF No. 10-3 at 2). The actual Petition for Judicial Review of IGO No. 20102299 was not

---

[9] See also Maryland Judiciary Case Search http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=19C11014536&loc=47&detailLoc=CC). A hearing was held via video conference in Case No. 190C0110914536 on May 26, 2011, and the decision of the IGO upheld.

received in the Circuit Court until June 14, 2011, where it was docketed in Case No. 19-C-11-014840.  (ECF No. 10-2 at 4; ECF No. 10-3 at 2, 6-8).

On July 5, 2011, a Motion to Dismiss was filed on behalf of the Secretary of DPSCS, on the basis that the Petition was not timely filed pursuant to Maryland Rule 7-302 (a).  (ECF No. 10-3 at 8-10).   Plaintiff, who at that time was on administrative segregation and without funds, claims he received the Motion to Dismiss that same day, and began to prepare his opposition response.  (ECF No. 18 at 2).

Plaintiff contends that he made multiple requests for copy work from various case managers, including Pruitt and Brown, and his requests were ignored.  (ECF No. 18 at 2). Plaintiff states that Pruitt had made the copies but refused to provide them to Plaintiff during July 20, and 22, 2011 interviews, on the basis that Plaintiff, who had received money into his prison account, should complete a money voucher and pay for the copy work.   Plaintiff states that when he received the copy work on July 22, 2011, a page was missing.  Id.  Defendants contend that Plaintiff did not notify anybody that time was of the essence and that he could have received the copy work in about two weeks after his original request had he agreed to pay the copy work fee. (ECF No. 10-1 at 4).

Plaintiff notified the Circuit Court on July 14, and August 8, 2011, of his intention to oppose the Motion to Dismiss and indicated he was unable to obtain copy work needed to file the opposition.  (ECF No. 18-1 at 9-11).  The Circuit Court granted the Motion to Dismiss with prejudice on August 10, 2011, on the basis that the Petition for Judicial Review of IGO No. 20102299 was not timely filed.  (ECF No. 10-3 at 11).

Maryland law governing the time requirements for filing an administrative appeal is clear.  Under Maryland Rule 7-203(a):

> Except as otherwise provided in this rule or by statute, a petition for judicial review shall be filed within thirty days after the latest of . . . (2) the date the administrative agency sent notice of the order or action to the petitioner, if notice was required by law to be sent to the petitioner.

A Circuit Court has no discretion under Maryland Rule 7-203 to accept jurisdiction of the Petition for Judicial Review that is received for filing after the expiration of the thirty-day period. See Colao v. Cnty. Council of Prince George's Cnty., 109 Md. App. 431 (1996).  The IGO decision of March 2, 2011, was required to be sent to Plaintiff pursuant to Md. Code Ann., Corr. Servs. § 10-207(b)(2)(i), and Plaintiff clearly received it in March of 2011, as evidenced by his attempts to "amend" a previously-filed Circuit Court case to include his latest IGO appeal.  At the earliest, Plaintiff's appeal of IGO 20102299 was not received in the Circuit Court until June 10, 2011, more than sixty days after the IGO decision had been rendered.  This late filing was caused solely by Plaintiff and had nothing to do with Defendants' failure to copy his subsequent pleadings in the case.

Plaintiff has failed to demonstrate that Defendants' conduct caused an actual injury to his IGO appeal, because the appeal was untimely filed, a jurisdictional defect that prevented the Circuit Court from considering its merits.  Accordingly, Plaintiff's Motion for Summary Judgment shall be denied and judgment shall be entered in favor of Defendants by separate Order which follows.

August 20, 2014                                             /s/
                                                   George L. Russell, III
                                                   United States District Judge